NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

THOMAS LARRY MCLEAN, *Petitioner*.

No. 1 CA-CR 14-0828 PRPC
FILED 2-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-147566-003
The Honorable Cynthia J. Bailey, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Thomas Larry McLean, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

---

J O H N S E N, Judge:

¶1          Thomas Larry McLean petitions this court for review from the summary dismissal of his first petition for post-conviction relief. A jury found McLean guilty of possession of narcotic drugs for sale, and the superior court sentenced him to a presumptive term of 15.75 years' imprisonment. This court affirmed McLean's conviction and sentence on direct appeal. McLean argues his trial counsel was ineffective by failing to file a motion to suppress evidence obtained as a result of a purportedly unconstitutional search, by failing to obtain copies of "police call logs regarding probable cause," and by failing to object to a portion of the State's closing argument at trial. McLean also argues the evidence shows he is innocent. We grant review but deny relief.

¶2          McLean has failed to present any colorable claims for relief. First, he does not identify any viable theory upon which a court could find that the investigation of him and his codefendant, the associated surveillance or the resulting arrests were unconstitutional. Second, although McLean argues his counsel should have obtained police call logs, he offers no evidence that a call log would have revealed information that established or suggested that any investigation, surveillance, search or arrest of him were unconstitutional, nor does he offer any evidence that any call log would have generally benefited his defense.

¶3          Regarding the closing argument, McLean argues the State commented on the codefendant's failure to testify at trial when it argued, "[W]ith respect to the interview with [codefendant], [the officer] testified under oath that he read *Miranda* rights, that [codefendant] agreed to testify – or agreed to answer questions, that he told him he was selling crack cocaine that day."[1] This is not a comment on the codefendant's failure to

---

[1]          A prosecutor may not comment on a defendant's failure to testify. *State v. Schaaf*, 169 Ariz. 323, 333 (1991).

testify at trial and is in no way objectionable. Nor was the comment directed to McLean.

**¶4**        Regarding the claim of actual innocence, McLean argues he is not guilty because his codefendant is the person who actually possessed the drugs when police arrested the two of them. McLean has failed to present a colorable claim for relief because the State based the charge in part on accomplice liability and because there was evidence McLean himself possessed the drugs before the arrests.

**¶5**        For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA